IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>    Plaintiff,<br><br>v.<br><br>STEPHEN L. JOHNSON, ADMINISTRATOR, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>    Defendant. | Case No.: 05-1814 (JGP) |

## ANSWER

Defendant, Stephen L. Johnson, Administrator, United States Environmental Protection Agency ("EPA"), hereby responds to the allegations in the Complaint as follows:

1. Paragraph 1 characterizes the plaintiff's cause of action and so no response is required.

2. The first sentence of Paragraph 2 characterizes the plaintiff's cause of action and so no response is required. The second sentence contains conclusions of law, not allegations of fact, and so requires no response.

3. Paragraph 3 contains conclusions of law, not allegations of fact, and so requires no response.

4. Defendant admits the allegations in the first two sentences of Paragraph 4. The third sentence contains a conclusion of law, not an allegation of fact, and so requires no response.   5.   Defendant admits the allegations in Paragraph 5.

6. Defendant is without information sufficient to form a belief as to the truth of the

allegations in Paragraph 6 and so denies the same.

7. Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and so denies the same.

8. Defendant admits the allegations in the first sentence of Paragraph 8. Defendant is without information sufficient to form a belief as to the truth of the remaining allegations and so denies the same.

9. The first sentence of Paragraph 9 characterizes the plaintiff's cause of action and so no response is required. Defendant is without information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and so denies the same.

10. Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 10 that speculate as to the possible results of actions that the Agency has not taken and so denies the same.

11. Paragraph 11 mixes allegations of fact and conclusions of law and no response is required. To the extent that a response is required, Defendant denies the allegations.

12. Defendant admits the allegations of the first sentence in Paragraph 12. The second sentence characterizes a federal statute, which speaks for itself, and so no response is required.

13. Paragraph 13 characterizes a federal statute, which speaks for itself, and so no response is required.

14. Paragraph 14 characterizes federal statutes, which speak for themselves, and so no response is required.

15. Paragraph 15 characterizes federal statutes, which speak for themselves, and so no response is required.

16.     The allegations in Paragraph 16 characterize the judicial opinions identified therein, which speak for themselves, and so no response is required.

17.     The allegations in Paragraph 17 characterize the Federal Register notices identified therein, which speak for themselves, and so no response is required.

18.     Defendant admits that the EPA has taken measures to streamline or otherwise improve the national ambient air quality standard ("NAAQS") review process. These measures include efforts to make the process more collaborative and to focus criteria documents on evaluative rather than descriptive information.

19.     Defendant admits the allegation in Paragraph 19 with respect to nitrogen dioxide ("$NO_2$"), but denies that nitrogen oxides ("$NO_x$") are necessarily highly reactive.

20.     Defendant admits the allegation in Paragraph 20.

21.     The allegations in Paragraph 21 characterize the Federal Register notice identified therein, which speaks for itself, and so no response is required.

22.     Defendant admits the allegation in the first sentence of Paragraph 22 that EPA has not completed a review of the air quality criteria and NAAQS for $NO_x$ or $NO_2$ since 1996. The remainder of this sentence contains conclusions of law, not allegations of fact, and so requires no response. Defendant admits the allegations in the second sentence.

23.     Paragraph 23 characterizes the Federal Register notice identified therein, which speaks for itself, and so no response is required.

24.     Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and so denies the same.

25.     The first and second sentences of Paragraph 25 characterize the report quoted therein, which speaks for itself, and so no response is required. The third sentence characterizes

the web page cited therein, which speaks for itself, and so no response is required. With respect to the fourth sentence, Defendant admits only that the areas have not been designated as failing to attain the current $NO_2$ NAAQS.

26.  Paragraph 26 characterizes the report cited therein, which speaks for itself, and so no response is required.

27.  Paragraph 27 characterizes the report cited therein, which speaks for itself, and so no response is required.

28.  Paragraph 26 characterizes the Federal Register notice cited therein, which speaks for itself, and so no response is required.

29.  Defendant admits the allegation in the first sentence that California has enacted ambient $NO_2$ standards that are stricter than the federal NAAQS. The second sentence characterizes the state regulation cited therein, which speaks for itself, and so requires no response. The third sentence characterizes the web page cited therein, which speaks for itself, and so requires no response.

30.  Defendant is without information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 30 concerning evidence related to the existing NAAQS for $NO_2$ and so denies the same. Defendant admits the allegation in the first sentence of Paragraph 30 that EPA has not completed a review of the air quality criteria for $NO_x$ and the NAAQS for $NO_2$, promulgated any new NAAQS for $NO_2$ or any other oxides of nitrogen, or published notice of such action in the Federal Register since 1996. The second sentence contains a conclusion of law, not an allegation of fact, and so requires no response. The allegation in the third sentence is admitted.

31.  Defendant incorporates herein the responses in Paragraphs 1-30 above.

32. The first sentence of Paragraph 32 contains a conclusion of law, not an allegation of fact, and so requires no response. To the extent the remaining sentences contain conclusions of law, and not allegations of fact, they require no response. With respect to the second and third sentences, Defendant admits that EPA has not completed a review of the air quality criteria for $NO_x$ and the primary and secondary NAAQS for $NO_2$ since 1996. With respect to the fourth sentence, Defendant admits that the air quality criteria for $NO_x$ and the primary and secondary NAAQS for $NO_2$ have not been revised and no new primary and secondary NAAQS for $NO_2$ have been promulgated. Defendant admits that the Federal Register notices described in the sentence have not been published.

33. Defendant admits that he has failed to perform a nondiscretionary duty to complete a review of the criteria for $NO_x$ and the NAAQS for $NO_2$ and make such revisions in the criteria and standards and promulgate such new standards as may be appropriate in accordance with sections 108 and 109 of the Clean Air Act.

34. Defendant incorporates herein the responses in Paragraphs 1-33 above.

35. The first sentence of Paragraph 35 contains a conclusion of law, not an allegation of fact, and so requires no response. To the extent the remaining sentences contain conclusions of law, and not allegations of fact, they require no response. With respect to the second and third sentences, Defendant admits that EPA has not completed a review of the air quality criteria for $NO_x$ and the primary and secondary NAAQS for $NO_2$ since 1996. With respect to the fourth sentence, Defendant admits that the air quality criteria for $NO_x$ and the primary and secondary NAAQS for $NO_2$ have not been revised and no new primary and secondary NAAQS for $NO_2$ have been promulgated. Defendant admits that the Federal Register notices described in the sentence have not been published.

36. Paragraph 36 contains a conclusion of law, not an allegation of fact, and so requires no response.

37. All allegations not expressly admitted are denied.

WHEREFORE, Defendants asks that the plaintiff's complaint be denied.

    Respectfully submitted,

    SUE ELLEN WOOLDRIDGE
    Assistant Attorney General
    Environment and Natural
     Resources Division

    /s/ Eileen T. McDonough
    EILEEN T. MCDONOUGH
    Environmental Defense Section
    U.S. Department of Justice
    P.O. Box 23986
    Washington, D.C. 20026-3986
    (202) 514-3126
    eileen.mcdonough@usdoj.gov

December 2, 2005