IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )   Case No.: 05-1814 (JGP) ) |
| STEPHEN L. JOHNSON, ADMINISTRATOR, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | ) ) ) ) ) |
| Defendant. | ) ) |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant, Stephen L. Johnson, Administrator, United States Environmental Protection Agency ("EPA"), hereby responds to the allegations in the Complaint as follows:

1. Paragraph 1 characterizes the plaintiffs' cause of action and so no response is required.

2. The first sentence of Paragraph 2 characterizes the plaintiffs' cause of action and so no response is required. The second sentence contains conclusions of law, not allegations of fact, and so requires no response.

3. Paragraph 3 contains conclusions of law, not allegations of fact, and so requires no response.

4. Defendant admits the allegations in the first two sentences of Paragraph 4. The third sentence contains a conclusion of law, not an allegation of fact, and so requires no response.

5. Defendant admits the allegations in the first three sentences of Paragraph 5. The

fourth sentence contains a conclusion of law, not an allegation of fact, and so requires no response.

      6.      Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and so denies the same.

      7.      Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and so denies the same.

      8.      Defendant admits the allegations in the first sentence of Paragraph 8 with respect to human health. The allegations in the first sentence with respect to welfare are a conclusion of law not an allegation of fact, and so require no response. Defendant is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 and so denies the same.

      8.1.[1]      Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 8.1 and so denies the same.

      9.      Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and so denies the same.

      10.      Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and so denies the same.

      11.      Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and so denies the same.

---

[1] The First Amended Complaint has two paragraphs numbered "8." To avoid confusion, defendant is referring to the second of these as "8.1." Defendant used this same approach in responding to other paragraphs in the First Amended Complaint where duplicate numbers were used. In some instances, the same number was used three times, in which case defendant added the suffix ".2." Defense counsel discussed this issue with plaintiffs' counsel on February 14, 2006.

9.1     The first sentence of Paragraph 9.1 characterizes the plaintiffs' cause of action and so no response is required. Defendant is without information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and so denies the same.

10.1    Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 10.1 that speculate as to the possible results of actions that the Agency has not taken and so denies the same.

11.1    Paragraph 11.1 mixes allegations of fact and conclusions of law and no response is required. To the extent that a response is required, Defendant denies the allegations.

12.1    Defendant admits the allegations of the first sentence in Paragraph 12.1. The second sentence characterizes a federal statute, which speaks for itself, and so no response is required.

13.     Paragraph 13 characterizes a federal statute, which speaks for itself, and so no response is required.

14.     Paragraph 14 characterizes federal statutes, which speak for themselves, and so no response is required.

15.     Paragraph 15 characterizes federal statutes, which speak for themselves, and so no response is required.

16.     The allegations in Paragraph 16 characterize the judicial opinions identified therein, which speak for themselves, and so no response is required.

17.     The allegations in Paragraph 17 characterize the Federal Register notices identified therein, which speak for themselves, and so no response is required.

18.     Defendant admits that the EPA has taken measures to streamline or otherwise improve the national ambient air quality standard ("NAAQS") review process. These measures

include efforts to make the process more collaborative and to focus criteria documents on evaluative rather than descriptive information.

19. Defendant admits the allegation in Paragraph 19 with respect to nitrogen dioxide ("$NO_2$"), but denies that nitrogen oxides ("$NO_x$") are necessarily highly reactive.

20. Defendant admits the allegation in Paragraph 20.

21. The allegations in Paragraph 21 characterize the Federal Register notice identified therein, which speaks for itself, and so no response is required.

22. Defendant admits the allegation in the first sentence of Paragraph 22 that EPA has not completed a review of the air quality criteria and NAAQS for $NO_x$ or $NO_2$ since 1996. The remainder of this sentence contains conclusions of law, not allegations of fact, and so requires no response. Defendant admits the allegations in the second sentence.

23. Paragraph 23 characterizes the Federal Register notice identified therein, which speaks for itself, and so no response is required.

24. Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and so denies the same.

25. The first and second sentences of Paragraph 25 characterize the report quoted therein, which speaks for itself, and so no response is required. The third sentence characterizes the web page cited therein, which speaks for itself, and so no response is required. With respect to the fourth sentence, Defendant admits only that the areas have not been designated as failing to attain the current $NO_2$ NAAQS.

26. Paragraph 26 characterizes the report cited therein, which speaks for itself, and so no response is required.

27. Paragraph 27 characterizes the report cited therein, which speaks for itself, and so

no response is required.

28. Paragraph 26 characterizes the Federal Register notice cited therein, which speaks for itself, and so no response is required.

29. Defendant admits the allegation in the first sentence that California has enacted ambient $NO_2$ standards that are stricter than the federal NAAQS. The second sentence characterizes the state regulation cited therein, which speaks for itself, and so requires no response. The third sentence characterizes the web page cited therein, which speaks for itself, and so requires no response.

30. Defendant is without information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 30 concerning evidence related to the existing NAAQS for $NO_2$ and so denies the same. Defendant admits the allegation in the first sentence of Paragraph 30 that EPA has not completed a review of the air quality criteria for $NO_x$ and the NAAQS for $NO_2$, promulgated any new NAAQS for $NO_2$ or any other oxides of nitrogen, or published notice of such action in the Federal Register since 1996. The second sentence contains a conclusion of law, not an allegation of fact, and so requires no response. The allegation in the third sentence is admitted.

31. Defendant admits the allegation in Paragraph 31.

32. Paragraph 32 characterizes the content of the web page identified therein, which speaks for itself, and so no response is required.

33. Paragraph 33 characterizes the content of the Federal Register notice identified therein, which speaks for itself, and so no response is required.

34. Defendant admits the allegation in the first sentence of Paragraph 34 aside from some minor technical changes made to the NAAQS for sulfur dioxide ("$SO_2$") in 1996. The

second and third sentences characterize federal regulations, which speak for themselves, and so no response is required.

35.   Defendant admits the allegation in the first sentence of Paragraph 35 that since 1996, EPA has not completed a review of the air quality criteria for sulfur oxides ("$SO_x$") and the NAAQS for $SO_2$. The remainder of this sentence contains conclusions of law, not allegations of fact, and so requires no response. Defendant admits the allegations in the second sentence.

36.   The first sentence of Paragraph 36 characterizes the content of the Federal Register notice identified therein, which speaks for itself, and so no response is required. Defendant admits the allegation in the second sentence.

36.1.   Paragraph 36.1 characterizes the content of the Federal Register notices identified therein, which speaks for themselves, and so no response is required.

37.   The first sentence of Paragraph 37 characterizes the judicial decision referenced therein, which speaks for itself, and so no response is required. Defendant admits that since 1998, it has not completed a response to that decision and has not completed a new review of the primary $SO_2$ NAAQS.

38.   The first and second sentences of Paragraph 38 characterizes the content of the Federal Register notice identified therein, which speaks for itself, and so no response is required. Defendant admits the allegation in the third sentence.

39.   Defendant is without information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 39 and so denies the same. Defendant admits the allegation in the second sentence that California has enacted a short-term concentration limit for $SO_2$ stricter than the federal NAAQS. The third sentence characterizes the state regulation cited therein, which speaks for itself, and so requires no response. The fourth sentence characterizes

the report cited therein, which speaks for itself, and so requires no response.

50.[2/]   Defendant is without information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 50 and so denies the same. The second, third, fourth, and fifth sentences characterize the reports cited therein, which speaks for themselves, and so require no response, except that Defendant admits that a secondary $SO_2$ NAAQS based on an annual averaging time has never been set.

40.   Defendant is without information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 40 concerning evidence related to the existing NAAQS for $SO_2$ and so denies the same. Defendant admits the allegation in the first sentence of Paragraph 40 that since 1996 EPA has not completed a review of the air quality criteria for $SO_x$ and the NAAQS for $SO_2$, promulgated any new NAAQS for $SO_2$ or any other sulfur oxides, or published notice of such action in the Federal Register. The second sentence contains a conclusion of law, not an allegation of fact, and so requires no response. The third sentence characterizes the web page identified therein, which speaks for itself, and so requires no response.

31.1.   Defendant incorporates herein the responses in Paragraphs 1-40 above.

32.1.   The first sentence of Paragraph 32.1 contains a conclusion of law, not an allegation of fact, and so requires no response. To the extent the remaining sentences contain conclusions of law, and not allegations of fact, they require no response. With respect to the second and third sentences, Defendant admits that EPA has not completed a review of the air quality criteria for $NO_x$ and the primary and secondary NAAQS for $NO_2$ since 1996. With

---

[2/]   This paragraph is misnumbered in the first amended complaint. Defendant has followed plaintiffs' numbering.

respect to the fourth sentence, Defendant admits that the air quality criteria for $NO_x$ and the primary and secondary NAAQS for $NO_2$ have not been revised and no new primary and secondary NAAQS for $NO_2$ have been promulgated. Defendant admits that the Federal Register notices described in the sentence have not been published.

33.1.   Defendant admits that he has failed to perform a nondiscretionary duty to complete a review of the criteria for $NO_x$ and the NAAQS for $NO_2$ and make such revisions in the criteria and standards and promulgate such new standards as may be appropriate in accordance with sections 108 and 109 of the Clean Air Act.

34.1.   Defendant incorporates herein the responses in Paragraphs 1-33.1 above.

35.1.   The first sentence of Paragraph 35.1 contains a conclusion of law, not an allegation of fact, and so requires no response. To the extent the remaining sentences contain conclusions of law, and not allegations of fact, they require no response. With respect to the second and third sentences, Defendant admits that EPA has not completed a review of the air quality criteria for $NO_x$ and the primary and secondary NAAQS for $NO_2$ since 1996. With respect to the fourth sentence, Defendant admits that the air quality criteria for $NO_x$ and the primary and secondary NAAQS for $NO_2$ have not been revised and no new primary and secondary NAAQS for $NO_2$ have been promulgated. Defendant admits that the Federal Register notices described in the sentence have not been published.

36.2.   Paragraph 36.2 contains a conclusion of law, not an allegation of fact, and so requires no response.

31.2.   Defendant incorporates herein the responses in Paragraphs 1-36.1 above.

32.2.   The first sentence of Paragraph 32.2 contains a conclusion of law, not an allegation of fact, and so requires no response. To the extent the remaining sentences contain

conclusions of law, and not allegations of fact, they require no response. With respect to the second and third sentences, Defendant admits that since 1996 EPA has not completed a review of the air quality criteria for $SO_x$ and the primary and secondary NAAQS for $SO_2$. With respect to the fourth sentence, Defendant admits that the air quality criteria for $SO_x$ and the primary and secondary NAAQS for $SO_2$ have not been revised and no new primary and secondary NAAQS for $SO_2$ have been promulgated. Defendant admits that the Federal Register notices described in the sentence have not been published.

       33.2.    Paragraph 33.2 contains a conclusion of law, not an allegation of fact, and so requires no response.

       34.2.    Defendant incorporates herein the responses in Paragraphs 1-33.2 above.

       35.2.    The first sentence of Paragraph 35.2 contains a conclusion of law, not an allegation of fact, and so requires no response. To the extent the remaining sentences contain conclusions of law, and not allegations of fact, they require no response. With respect to the second and third sentences, Defendant admits that EPA has not completed a review of the air quality criteria for $SO_x$ and the primary and secondary NAAQS for $SO_2$. With respect to the fourth sentence, Defendant admits that the air quality criteria for $SO_x$ and the primary and secondary NAAQS for $SO_2$ have not been revised and no new primary and secondary NAAQS for $SO_2$ have been promulgated. Defendant admits that the Federal Register notices described in the sentence have not been published.

       36.3.    Paragraph 36.3 contains a conclusion of law, not an allegation of fact, and so requires no response.

       41.    All allegations not expressly admitted are denied.

WHEREFORE, Defendant asks that the plaintiffs' complaint be denied.

>Respectfully submitted,
>
>SUE ELLEN WOOLDRIDGE
>Assistant Attorney General
>Environment and Natural
> Resources Division
>
>/s/ Eileen T. McDonough
>EILEEN T. MCDONOUGH
>Environmental Defense Section
>U.S. Department of Justice
>P.O. Box 23986
>Washington, D.C. 20026-3986
>(202) 514-3126
>eileen.mcdonough@usdoj.gov

February 23, 2006