UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY et al., <br>     Plaintiffs, <br><br> v. <br><br> STEPHEN L. JOHNSON <br> Administrator <br> United States Environmental Protection Agency <br><br>     Defendant. | Civ. No. 05-1814 (JGP) |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME**

    Defendant Stephen L. Johnson, in his official capacity as Administrator of the United States Environmental Protection Agency [hereinafter "EPA"] filed a Motion for Extension of Time ("Motion") on July 17, 2006. Plaintiffs oppose this Motion for the following reasons.

    In its Motion, EPA asks for an extension of time to file its reply brief in support of its Cross-Motion for Summary Judgment. However, the Court's January 31, 2006 Order, which sets the briefing schedule for this case, provides that Plaintiffs could file a dispositive motion, Defendant could file a response and Plaintiffs could file a reply. *See* January 31, 2006 Order at 1-2, attached as Exhibit 1. The January 31, 2006 Order does not allow for a further reply by Defendant, which is in effect a sur-reply. *Id.* The January 31, 2006 Order does state that if a party objects to anything in the order, the party shall inform the Court of the objection on or before February 8, 2006. *Id.* at 2. EPA did not object to the January 31, 2006 Order before February 8, 2006.

In the Motion, EPA states that it needs to file a reply because "Plaintiffs chose to submit a declaration that purports to constitute expert testimony regarding the appropriate remedy in their most recent brief, instead of with their opening memorandum in support of their motion for summary judgment." Motion at 2. EPA was completely aware that Plaintiffs might submit an affidavit with their reply brief, rather than their opening brief. In the Joint Report, submitted by EPA and Plaintiffs, EPA and Plaintiffs stated:

> Plaintiff believes that an equal time for the opposition and reply is appropriate in this case because Plaintiff will likely be responding to Defendant's affidavit regarding remedy in Plaintiff's reply and this reply may require an expert affidavit. Such an approach will obviate the need for discovery in this case, resulting in a substantial saving of the parties' resources and a quicker resolution of the case.

Joint Statement at 4, attached as Exhibit 2. Thus, the fact that Plaintiffs submitted an affidavit, which merely responded to EPA's affidavit, with Plaintiffs' reply brief is no justification for changing the briefing schedule which the Court set, especially since the Court provided EPA with an opportunity to object to this schedule which EPA chose not to invoke.

Finally, this is a deadline suit regarding National Ambient Air Quality Standards. EPA is over a decade behind schedule in reviewing the current science to see if these health and public welfare based standards, which were set over three decades ago, are in need of updating. These standards are the heart of the Clean Air Act and its efforts to protect the public from harmful air emissions. Therefore, further delay is unwarranted.

Therefore, for the reasons stated above, Plaintiffs respectfully request that the Court deny EPA's Motion for Extension and not permit EPA to file what amounts to a sur-reply.

Respectfully submitted,

/s/ ROBERT UKEILEY
Robert Ukeiley (MD14062)

                                                  Law Office of Robert Ukeiley
                                                  433 Chestnut Street
                                                  Berea, KY 40403
                                                  Tel: (859) 986-5402
                                                  Fax: (859) 986-1299
                                                  E-mail: rukeiley@igc.org

                                                  Counsel for Plaintiffs

Dated: July 18, 2006