# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civ. No. 05CV1814 (JGP) |
| Plaintiff, | | |
| vs. | | |
| STEPHEN L. JOHNSON<br>Administrator<br>United States Environmental Protection Agency | | |
| Defendant. | | |

JOINT STATEMENT

I. INTRODUCTION

Pursuant to LCvR 16.3 and Fed.R.Civ.P. 16(b) and 26(f) and the Court's December 20, 2005 Order for Initial Scheduling Hearing, the Plaintiff Center for Biological Diversity and Defendant ("CBD"), Stephen L. Johnson in his official capacity as Administrator of the United States Environmental Protection Agency (hereinafter "EPA") offer the following Joint Statement.

**1.  A brief statement of the case and the claims or defenses relied upon by each party.**

This is a Clean Air Act citizen suit under 42 U.S.C. § 7604(a)(2). These suits are commonly referred to as "deadline suits."

Plaintiff CBD claims that Defendant EPA, has failed to perform mandatory duties required by the Clean Air Act, 42 U.S.C. §§ 7401-7671q. Specifically, the Clean Air Act

1

establishes a mandatory deadline for EPA to complete a thorough review of the air quality criteria[1] for Nitrogen Oxides (NOx) and National Ambient Air Quality Standards ("NAAQS") for Nitrogen Dioxide ("$NO_2$"), make revisions to these air quality criteria and NAAQS as may be appropriate, promulgate any new NAAQS as may be appropriate, and publish notice of all such actions in the Federal Register.  See 42 U.S.C. §§ 7409(d)(1), 7408(d), 7607(d). Despite the clear statutory language requiring EPA to review and update the air quality criteria and NAAQS for all regulated pollutants every five years, EPA has failed to review and update the air quality criteria for NOx and NAAQS for $NO_2$ for nearly 10 years. See 61 Fed. Reg. 52,852 (Oct. 8, 1996) (the last such update). During this time, Defendant has not completed a review of the NOx criteria or $NO_2$ NAAQS, nor made any decision on revision of such criteria or NAAQS or promulgation of new NAAQS pursuant to such a review.

**2.     Whether there are any pending motions.**

Plaintiff intends to file a prompt Motion for Judgment on the Pleadings.  Defendant does not plan to file motions at this time.

**3.     Whether the parties anticipate any amendments to their pleadings and the date on which the Court can expect any such amendments.**

CBD anticipates filing a motion for leave to amend its complaint to add additional claims regarding EPA's failure to complete a review of the air quality criteria for Sulfur Oxides (SOx) and National Ambient Air Quality Standards ("NAAQS") for Sulfur  Dioxide ("$SO_2$"), make revisions to these air quality criteria and NAAQS as may be appropriate, promulgate new

---

[1] The Criteria Document is a comprehensive review of the current science of adverse impacts to people, ecosystems and economic endeavors such as agriculture, caused by certain air pollutants such as nitrogen oxides.

NAAQS as may be appropriate, and publish notice of all theses actions in the Federal Register. These claims concerning Sulfur Oxides are identical to the claims concerning Nitrogen Oxides presently at issue. The Court can expect CBD motion for leave to amend sometime after January 20, 2006, when the 60-day period expires from the time CBD and others sent Defendant a notice of intent to sue letter as required by 42 U.S.C. 7604(b)(2).

4. **Whether the case can be assigned to a Magistrate Judge for all purposes including trial.**

    The parties do not consent to the assignment of the case to a Magistrate Judge for all purposes including trial.

5. **Whether there is a realistic possibility of settling the case.**

    The parties believe there is a realistic possibility of settling the case and are currently in negotiations regarding both NOx and SOx.

6. **Whether the case can benefit from the court's alternative dispute resolution (ADR) procedures or some other form of alternative dispute resolution, and if so, which procedure should be used and whether discovery should be stayed or limited pending completion of ADR.**

    Counsel have discussed ADR and their response to this provision with their clients. The parties do not believe that this case could benefit from ADR procedures.

7. **Whether the case can be resolved on summary judgment or a motion to dismiss; the dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and whether a hearing is requested.**

    The parties agree that the case can be resolved on dispositive motions.

    Plaintiff anticipates filing a motion for judgment on the pleadings shortly. Plaintiff thinks liability is undisputed or indisputable, which is why Plaintiff is filing a motion for judgment on

the pleadings. Plaintiff thinks the real argument left for the Court to decide is timing and possibility scope of relief, that is what interim steps to include in the relief. Plaintiff believes that the opposition memorandum should be due 20 days after Plaintiff's file their motion and the reply memorandum should be due 20 days after Defendant's file their opposition. Plaintiff believes that an equal time for the opposition and reply is appropriate in this case because Plaintiff will likely be responding to Defendant's affidavit regarding remedy in Plaintiff's reply and this reply may require an expert affidavit. Such an approach will obviate the need for discovery in this case, resulting in a substantial saving of the parties' resources and a quicker resolution of the case.

Defendant believes that Defendant should be provided 60 days to respond to Plaintiff's motion for judgment on the pleadings because Defendant believes that it will be necessary to address factual matters that will require the preparation of declarations and change the motion to one for summary judgments.

**8. Whether the parties can agree on the exchange of certain information, for example, names and addresses of witnesses, relevant documents, computations of damages, the existence and amount of insurance, without formal discovery.**

The parties do not currently anticipate that discovery will be necessary in this case and therefore do not believe that the exchange of information is appropriate.

**9. The discovery contemplated in this case, that would include the number of depositions each party proposes to take, the number of sets of interrogatories, time limits on the taking of depositions, a limit on the number of interrogatories in each set, whether a protective order is appropriate, the date for completion of all discovery, including answers to interrogatories, document production, request for admissions and depositions.**

The parties do not currently anticipate that discovery will be necessary in this case.

4

**10.    The date(s) for the exchange of expert witness information pursuant to Fed.R.Civ.P. 26(b)(4), and for taking depositions or discovery of experts.**

The parties do not currently anticipate that discovery will be necessary in this case.

**11.    Whether the discovery and/or the trial should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The parties do not currently anticipate that discovery or a trial will be necessary in this case and therefore do not believe that bifurcation or management in phases is necessary.

**12.    The parties shall discuss a date for a pretrial conference having in mind that the pretrial conference should be scheduled 30 to 60 days prior to the trial.**

Because this case can likely be resolved by dispositive motions, a pretrial conference appears unnecessary to the parties at this time.

**13.    Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at a later status hearing.**

Because this case can likely be resolved by dispositive motions, a pretrial conference appears unnecessary to the parties at this time.

                                                Respectfully submitted,

                                                ___/s_____
                                                Robert Ukeiley (MD14062)
                                                Law Office of Robert Ukeiley
                                                433 Chestnut Street
                                                Berea, KY 40403
                                                Tel: (859) 986-5402
                                                Fax: (859) 986-1299
                                                E-mail: rukeiley@igc.org

                                                Counsel for Plaintiff

Case 1:05-cv-00844-FGP   Document 27-3   Filed 07/18/2006   Page 6 of 7

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources
Division

/s/ EILEEN T. MCDONOUGH
Environmental Defense Section
U.S. Department of Justice
P.O. Box 23986
Washington, D.C. 20026-3986
(202) 514-3126
eileen.mcdonough@usdoj.gov

Counsel for Defendant

Dated: January 17, 2006