UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*, | ) ) ) |
| Plaintiffs | ) ) |
| v. | ) Civil Action No. 05-1814 (JGP) ) |
| STEPHEN L. JOHNSON, | ) ) |
| Defendant | ) ) ) |

**ORDER**

This matter comes before the Court on **Defendant's Motion for Extension of Time [26]** within which to file a reply in support of his Cross-Motion for Summary Judgment and **Plaintiffs' Opposition [27]** thereto.

The procedural history is as follows: Plaintiffs filed a Motion for Summary Judgment [20]. Defendant filed an Opposition [22] and a Cross-Motion for Summary Judgment [23]. Plaintiffs filed a Reply [25], which the Court will also construe as an opposition to Defendant's Cross-Motion for Summary Judgment. So construed, under the Local Rules, Defendant's reply would have been due on July 17, 2006. *See* LCvR 7(d).

Defendant requests an extension of time until August 11, 2006 to file a reply. Defendant states that the time is necessary because of counsel's busy schedule and because Plaintiffs filed an affidavit for the first time in support of their reply.

Plaintiffs oppose this extension of time on the grounds that the Court's scheduling order set a briefing schedule for Plaintiffs' but not Defendant's dispositive motion, that Defendant did not object to that order within the time permitted, and that Defendant should not therefore be permitted to file a dispositive motion. Plaintiffs argue also that Defendant knew from the beginning that Plaintiffs anticipated filing an affidavit in support of their reply, and thus the fact

that they did so should not serve as a justification for them to file a response which they assert is essentially a surreply.  Finally, Plaintiffs argue that further delay is unwarranted given that this is a "deadline suit."

The Court notes that the parties filed a joint statement which anticipated that Plaintiffs would file a dispositive motion and stated that Defendant did not plan to file a motion at that time.  Plaintiffs requested twenty days for the filing of an opposition and twenty days for the filing of a reply, noting that the reply would require the same amount of time as the opposition because of the probable need to prepare an expert affidavit.  Defendant requested sixty days for their opposition.  In its Order, the Court tried to accommodate both parties by averaging the period of time requested and thus permitting forty days for opposition and reply.  Because Defendant did not anticipate filing a motion, no schedule was set.

It is unfortunate that Defendant did not anticipate the possibility he would file a motion and unclear why he failed to do so.  The requirement that the parties confer and submit a joint report is supposed to ensure that the parties work out these types of issues by themselves before turning to the Court for assistance.  However, at this juncture, the Court will again try to accommodate both parties by allowing Defendant's Motion, allowing Plaintiffs' Reply to serve as an Opposition to Defendant's Cross-Motion, and by granting Defendant twenty days to file a reply.  Accordingly, it is hereby

**ORDERED** that Defendant's Motion [8] is **GRANTED IN PART** and **DENIED IN PART** *nunc pro tunc*.  Defendant is granted an extension of time, but must file his reply on or before July 31, 2006.

**IT IS SO ORDERED.**

**DATE: July 20, 2006**                                                                 JOHN GARRETT PENN
                                                                                         **United States District Judge**