IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>    Plaintiff,<br><br>v.<br><br>STEPHEN L. JOHNSON, ADMINISTRATOR, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>    Defendant. | Case No.: 05-1814 (JGP) |

## SUPPLEMENTAL DECLARATION OF STEPHEN D. PAGE

I, Stephen D. Page, under penalty of perjury, affirm and declare that the following statements are true and correct to the best of my knowledge and belief, and are based on my own personal knowledge or on information contained in the records of the United States Environmental Protection Agency ("EPA") or supplied to me by EPA employees under my supervision.

1. I am the Director of the Office of Air Quality Planning and Standards ("OAQPS") within the Office of Air and Radiation at EPA, a position I have held since September 2002. Prior to that time, I served as Director of the Office of Radiation and Indoor Air and in various other positions at EPA.

2. In my current capacity as Director of OAQPS, I am responsible for overseeing EPA's implementation of major portions of the Clean Air Act ("CAA" or "Act"), including the ongoing reviews of the existing air quality criteria for nitrogen oxides ("$NO_x$") and sulfur oxides

("SO$_x$") and the national ambient air quality standards ("NAAQS") for nitrogen dioxide ("NO$_2$") and sulfur dioxide ("SO$_2$") pursuant to section 109(d) of the Clean Air Act, 42 U.S.C. § 7409(d).

3. I described EPA's process for performing these NAAQS reviews in my Declaration of May 31, 2006. ("Page Decl.") In the Declaration, I specified proposed dates for the completion of the three major steps of the process necessary to complete the reviews consistent with the schedules requested in EPA's cross-motion for summary judgment: (1) the final science assessments; (2) signature of the proposed rules; and (3) signature of the final rules. Page Decl. ¶ 60. Attached to the Declaration are charts illustrating the various steps in the NAAQS review process and the amount of time reasonably needed for each of these steps. *Id.* ¶ 61. I also explained at the time the Declaration was filed that the Agency was still engaged in consultation with the Clean Air Scientific Advisory Committee ("CASAC"), as well as the general public, to decide the most effective and efficient process for completing these reviews. *Id.* ¶ 25 & n.4 ("EPA has scheduled two public meetings for June 27th and 29th, 2006, to discuss CASAC's preliminary recommendations and to obtain further input on these recommendations from CASAC and members of the public.").

4. The charts illustrating the steps in the review process attached to the Declaration are consistent with the practice in previous reviews whereby the seven members of CASAC (as well as the public) would comment on the Agency's draft plans for conducting the reviews early in the review process. *See id.* ¶ 63. Subsequent to the filing of the Declaration, however, CASAC requested that its opportunity to comment on the draft plan be delayed until the full CASAC Review Panels (each consisting of the seven members of CASAC and up to fifteen additional members with expertise directly related to the standard under review) for the primary

2

(human-health based) standards for $NO_2$ and $SO_2$ and for the secondary (welfare-based) standards for these pollutants have been appointed so that all could comment on the draft before the Agency adopted the final plan.

5.   EPA decided that CASAC's request should be accommodated. Input from the full CASAC Review Panels will allow for more meaningful input from CASAC on comprehensive and integrated plans without delaying the overall time for completion of the review process for the $NO_2$ and $SO_2$ NAAQS. To accommodate CASAC's request, the CASAC Review Panels for the reviews of these standards are being formed earlier than is typical. Even so, the appointment process for the experts will be completed no earlier than the end of 2006. *See* 71 Fed. Reg. 44,695 (Aug. 7, 2006) (EPA's Science Advisory Board ("SAB") requests nominations for non-CASAC panel members).

6.   EPA's accommodation of CASAC's request will not interfere with EPA's ability to meet the schedule requested in EPA's cross-motion for summary judgment. EPA is not delaying the compilation and review of the relevant medical, scientific, and technical information while time is taken to constitute the CASAC Review Panels. The Agency is continuing to work on the science assessments, including preparations for peer review workshops consistent with the timelines set out in the charts attached to my Declaration. *See* Attachment A to May 31, 2006 Declaration. The finalization of the planning process will overlap with this ongoing science assessment process, which will allow EPA to integrate the planning process with the information gained from the science workshops. Thus, the CASAC Panels' review of the plans will be strengthened substantively and will not delay the Agency's review of the standards.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 16th day of October, 2006, at Research Triangle Park, N.C.

_____
STEPHEN D. PAGE
Director, Office of Air Quality Planning and Standards
United States Environmental Protection Agency