UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY *et al.*, <br><br>  Plaintiffs, <br><br> v. <br><br> STEPHEN L. JOHNSON <br> Administrator <br> United States Environmental Protection Agency <br><br>  Defendant. | ) <br> ) <br> ) <br> ) <br> ) Civ. No. 05-1814 (JGP) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

Plaintiffs seek to bring the Court's attention to <u>Sierra Club v. Johnson</u>, 444 F. Supp. 2d 46 (D.D.C. 2006), and its applicability to the Cross-Motions for Summary Judgment currently pending in this case. The sole issue presented in Plaintiffs' Motion and Defendant's Cross-Motion was fully briefed as of July 31, 2006. However, on August 2, 2006, the United States District Court for the District of Columbia filed its decision in <u>Sierra Club</u>. Plaintiffs just recently became aware of this case. Like this case, <u>Sierra Club</u> is a Clean Air Act citizen suit to force EPA to comply with statutory deadlines, and therefore it addresses several of the arguments made in this case.

First, in proposing a remedy for Defendant's admitted violation of the Clean Air Act, the plaintiffs in this case argued that the Court should impose a series of interim deadlines. <u>See</u> Plaintiffs' Reply in Support of their Motion for Summary Judgment

("Plaintiffs' Reply") at 4-6 (Plaintiffs' revised proposed deadlines). In response, EPA contended that some of Plaintiffs' proposed interim deadlines exceeded the scope of the remedy authorized in the citizen suit provisions of the Clean Air Act because the Act "does not require EPA to prepare drafts or to take any specific procedural steps" in completing the review at issue. EPA's Memorandum in Support of Cross-Motion for Summary Judgment and in Opposition to Plaintiffs' Motion for Summary Judgment ("EPA's Cross-Motion") at 22. See also Reply Memorandum in Support of Cross-Motion for Summary Judgment ("EPA's Reply") at 4 (reiterating this argument). However, in Sierra Club, the court affirmatively stated that "[w]hen an agency has failed to meet the statutory deadline for a nondiscretionary act, the court may exercise its equity powers 'to set enforceable deadlines both of an ultimate and an intermediate nature[.]'" Sierra Club, 444 F. Supp. 2d at 52 (quoting NRDC v. Train, 510 F.2d 692, 705 (D.C. Cir. 1974)).

Second, Plaintiffs have already noted their opposition to Defendant's contention that EPA deserves deference with regard to the length of time required to conclude the review process at issue. See Plaintiffs' Reply at 11. See also EPA's Cross-Motion at 18 (indicating that EPA's proposed schedule "reflects the Agency's expert judgment"). Sierra Club supports Plaintiffs' position: "Although in most circumstances the Court defers to agency expertise about appropriate rulemaking procedures, such deference is inappropriate where Congress has unambiguously expressed its intent that these regulations be promulgated by a date certain and the agency manifestly has failed to fulfill this statutory obligation." Sierra Club, 444 F. Supp. 2d at 56.

Finally, <u>Sierra Club</u> also supports Plaintiffs' contention that the need for defensible regulations cannot overwhelm the need for expeditious action once statutory deadlines have lapsed. <u>See</u> Plaintiffs' Motion for Summary Judgment as to Plaintiffs' First and Third Claims for Relief and Incorporated Memorandum of Points and Authorities in Support at 13 (discussing the heavy burden that EPA bears in asserting that Plaintiffs' proposed deadlines are impossible to meet). In <u>Sierra Club</u>, as in the present case, EPA asserted that the imposition of an aggressive timeline would lead to substandard regulations. <u>See</u> <u>Sierra Club</u>, 444 F. Supp. 2d at 55; EPA's Cross-Motion at 16-17. However, the <u>Sierra Club</u> opinion notes that courts "tend to reject as contrary to the relevant statute agency approaches to rulemaking that sacrifice the timely implementation of the statute in favor of extensive agency information-gathering and analysis." <u>Sierra Club</u> 444 F. Supp. 2d at 53-54. <u>See also</u> <u>id.</u> at 56 (noting that "courts evaluating claims of impossibility when an agency has failed to meet a mandatory deadline generally have rejected claims that additional time is needed to ensure substantively adequate regulations").

For the above reasons, Plaintiffs request that the Court consider the opinion in <u>Sierra Club</u> in conjunction with the arguments raised in Plaintiffs' briefs.

                                      Respectfully submitted,

                                         /s  
                                      Robert Ukeiley (MD14062)  
                                      Law Office of Robert Ukeiley  
                                      433 Chestnut Street  
                                      Berea, KY 40403  
                                      Tel: (859) 986-5402  
                                      Fax: (859) 986-1299  
                                      E-mail: rukeiley@igc.org  
                                      Counsel for Plaintiffs

Dated: November 28, 2006