UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>STEPHEN L. JOHNSON<br>Administrator<br>United States Environmental Protection Agency<br><br>Defendant. | Civ. No. 05-1814 (LFO)<br><br>**FILED**<br><br>NOV 1 9 2007<br><br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

## CONSENT DECREE

WHEREAS, on February 3, 2006, Plaintiffs Center for Biological Diversity, Valley Watch, Inc., Preston Forsythe, Tina Johnson and Jeremy Nichols filed their first amended complaint in this action pursuant to section 304(a)(2) of the Clean Air Act ("CAA"), 42 U.S.C. § 7604(a)(2), alleging that Defendant, Stephen L. Johnson, Administrator of the United States Environmental Protection Agency (hereinafter "EPA") failed to perform mandatory duties pursuant to CAA § 109(d)(1) to complete another cycle of review, revision, and promulgation actions for nitrogen dioxide ("$NO_2$") and oxides of nitrogen ("$NO_x$"). Specifically, Plaintiffs alleged Defendant has failed to complete a thorough review of the air quality criteria for NOx and the primary and secondary National Ambient Air Quality Standards ("NAAQS") for $NO_2$. Plaintiffs further alleged that the deadline under CAA § 109(d)(1) for Defendant to complete another cycle of review, revision, and promulgation actions with respect to sulfur oxides (SOx) expired several years ago.

1

WHEREAS, Plaintiffs and EPA (collectively "the Parties") wish to effectuate a settlement of the above-captioned matter without expensive and protracted litigation;

WHEREAS, starting sixty days after entry of this Decree by the Court, and then every sixty days thereafter until EPA has completed all the tasks in paragraph 2, EPA shall provide to Plaintiffs a report on the progress of EPA's review and revision, as appropriate, of the $NO_x$ and $SO_x$ criteria and the $NO_2$ and $SO_2$ NAAQS.  EPA's reports shall provide: (a) where a document listed in the schedule attached as exhibit A to this Consent Decree has been completed, the date of its completion and if posted on the internet by EPA, its web address; (b) the date on which each CASAC/public review meeting was held; (c) for the final ISA, the notice of proposed rulemaking, and the notice of final rulemaking, the dates on which EPA forwarded notice of the availability of such document or notice of such action to the Office of the Federal Register; and (d) whether EPA anticipates any difficulties in meeting the date(s) provided in the schedule attached as exhibit A for completing any future task(s).

WHEREAS, the Parties consider this Decree to be an adequate and equitable resolution of the claims in the above-captioned matter;

WHEREAS, the Court, by entering this Decree, finds that the Decree is fair, reasonable, in the public interest, and consistent with the CAA, 42 U.S.C. §§ 7401 et seq.;

NOW THEREFORE, before the taking of testimony, without trial or determination of any issue of fact or law, and upon the consent of the Parties, it is hereby ORDERED, ADJUDGED and DECREED that:

1.    This Court has subject matter jurisdiction over the claims set forth in the First Amended Complaint and to order the relief contained in this Decree.  Venue is proper in the United States District Court for the District of Columbia.

2.  EPA shall take the following actions by the following dates:

   a)  No later than July 11, 2008, EPA shall issue a final Integrated Science Assessment, a document containing air quality criteria, addressing human health affects of $NO_x$ pursuant to 42 U.S.C. §§ 7408 and 7409(d)(1).

   b)  No later than May 28, 2009, EPA shall sign a notice of proposed rulemaking setting forth its proposed decision pursuant to 42 U.S.C. § 7409(d)(1) concerning its review of the primary $NO_2$ NAAQS promulgated under 42 U.S.C. § 7409, and proposing such new primary NAAQS and/or revisions of standards for $NO_x$ as may be appropriate pursuant to 42 U.S.C. § 7408 and 7409(b)(1).

   c)  No later than December 18, 2009, EPA shall sign a notice of final rulemaking setting forth its decision pursuant to 42 U.S.C. § 7409(d)(1) concerning its review of the primary NAAQS for $NO_2$ and making such revisions in the primary $NO_2$ NAAQS and/or promulgating such new primary NAAQS for $NO_x$ as may be appropriate pursuant to 42 U.S.C. § 7408 and 7409(b)(1).

   d)  No later than September 12, 2008, EPA shall issue a final Integrated Science Assessment, a document containing air quality criteria, addressing human health affects of $SO_x$ pursuant to 42 U.S.C. §§ 7408 and 7409(d)(1).

   e)  No later than July 30, 2009, EPA shall sign a notice of proposed rulemaking setting forth its proposed decision pursuant to 42 U.S.C. § 7409(d)(1) concerning its review of the primary $SO_2$ NAAQS promulgated under 42 U.S.C. § 7409, and proposing such new primary NAAQS and/or revisions of standards for $SO_x$ as may be appropriate pursuant to 42 U.S.C. § 7408 and 7409(b)(1).

   f)  No later than March 2, 2010, EPA shall sign a notice of final rulemaking setting forth its decision pursuant to 42 U.S.C. § 7409(d)(1) concerning its review of the primary

NAAQS for $SO_2$ and making such revisions in the primary $SO_2$ NAAQS and/or promulgating such new primary NAAQS for $SO_x$ as may be appropriate pursuant to 42 U.S.C. § 7408 and 7409(b)(1).

      g)    No later than December 12, 2008, EPA shall issue a final Integrated Science Assessment, a document containing air quality criteria, addressing the public welfare effects of $NO_x$ and $SO_x$ pursuant to 42 U.S.C. §§ 7408 and 7409(d)(1).

      h)    No later than February 12, 2010, EPA shall sign a notice of proposed rulemaking setting forth its proposed decision pursuant to 42 U.S.C. § 7409(d)(1) concerning its review of the secondary $NO_2$ and $SO_2$ NAAQS promulgated under 42 U.S.C. § 7409 and proposing such new secondary NAAQS and/or revisions of standards for $NO_x$ and/or $SO_x$ as may be appropriate pursuant to 42 U.S.C. § 7408 and 7409(b)(2).

      i)    No later than October 19, 2010, EPA shall sign a notice of final rulemaking setting forth its decision pursuant to 42 U.S.C. § 7409(d)(1) concerning its review of the secondary NAAQS for $NO_2$ and $SO_2$ and making such revisions in the secondary $NO_2$ and $SO_x$ NAAQS and/or promulgating such new secondary standards for $NO_x$ and $SO_x$ as may be appropriate pursuant to 42 U.S.C. § 7408 and 7409(b)(2).

    3.    Within 10 business days following issuance or signature of such actions as set out in paragraph 2 above, EPA shall deliver notice of such action to the Office of the Federal Register for prompt publication. Following such delivery to the Office of the Federal Register, EPA shall not take any step (other than as necessary to correct within 10 business days after submittal any typographical or other errors in form) to delay or otherwise interfere with publication of such notice in the Federal Register.

    4.    Any provision of this Decree may be modified by (a) written stipulation of the Parties with notice to the Court, or (b) by the Court following motion of any party to this Decree,

pursuant to the Federal Rules of Civil Procedure, and upon consideration of any response by the non-moving party.

5. Plaintiffs and EPA shall not challenge the terms of this Decree or this Court's jurisdiction to enter and enforce this Decree. Upon entry, no party shall challenge the terms of this Decree.

6. The deadline for filing a motion for costs of litigation (including attorneys' fees) for activities performed prior to execution of this Decree is hereby extended until 60 days after this Decree is entered by the Court. During this 60-day period, the Parties shall seek to resolve informally any claim for costs of litigation (including attorneys' fees), and if they cannot, will submit that issue to the Court for resolution. Nothing in this paragraph shall be construed as an admission or concession by EPA that Plaintiffs are entitled to or eligible for recovery of any costs or attorneys' fees.

7. Nothing in this Decree shall be construed to limit or modify any discretion accorded EPA by the Clean Air Act or by general principles of administrative law in taking the actions which are the subject of this Decree, including the discretion to alter, amend or revise any responses or final actions contemplated by this Decree. EPA's obligation to perform the actions specified in Paragraph 2 and 3 by the time specified therein does not constitute a limitation or modification of EPA's discretion within the meaning of this paragraph.

8. Nothing in this Decree shall be construed as an admission of any issue of fact or law nor to waive or limit any claim or defense, on any grounds, related to any final EPA action may take pursuant to Paragraph 2 above.

9. Nothing in this Decree shall be construed to confer upon the district court jurisdiction to review any final decision made by EPA pursuant to this Decree. Nothing in this Decree shall be construed to confer upon the district court jurisdiction to review any issues that

are within the exclusive jurisdiction of the United States Courts of Appeals pursuant to CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1).  Nothing in the terms of this Decree shall be construed to waive any remedies or defenses the Parties may have under CAA Section 307(b)(1), 42 U.S.C. § 7607(b)(1).

10. The obligations imposed upon EPA under this Decree can only be undertaken using appropriated funds. No provision of this Decree shall be interpreted as or constitute a commitment or requirement that EPA obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable federal statute.

11 Any notices required or provided for by this Decree shall be made in writing, via facsimile or other means, and sent to the following:

For Plaintiffs:

ROBERT UKEILEY
Law Office of Robert Ukeiley
435R Chestnut Street, Suite 1
Berea, KY 40403
Fax:  (866) 618-1017

For Defendant:

EILEEN T. MCDONOUGH
United States Department of Justice
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026-3986
Fax (202) 514-8865

M. LEA ANDERSON
U.S. Environmental Protection Agency
Office of General Counsel
ARN: MC-2344A
1200 Pennsylvania Ave., N.W.
Washington, DC 20460
Fax (202) 564-5571

12. In the event of a dispute between the Parties concerning the interpretation or implementation of any aspect of this Decree, the disputing Party shall provide the other Party with a written notice outlining the nature of the dispute and requesting informal negotiations. If the Parties cannot reach an agreed-upon resolution within ten (10) business days after receipt of the notice, any party may move the Court to resolve the dispute.

13. The Court shall retain jurisdiction to determine and effectuate compliance with this Decree. When EPA's obligations under Paragraphs 2 and 3 have been completed, and the Plaintiffs' claims for costs of litigation have been resolved pursuant to the process described in Paragraph 6, the above-captioned matter shall be dismissed with prejudice. The Parties shall file the appropriate notice with the Court so that the Clerk may close the file.

14. The undersigned representatives of each Party certify that they are fully authorized by the Party they represent to bind that Party to the terms of this Decree.

SO ORDERED on this 19th day of November, 2007.

_____
LOUIS F. OBERDORFER
UNITED STATES DISTRICT JUDGE

SO AGREED:

FOR PLAINTIFFS

/s/ ROBERT UKEILEY
ROBERT UKEILEY
Law Office of Robert Ukeiley
435R Chestnut Street, Suite 1
Berea, KY 40403
Tel: (859) 986-5402
Fax: (866) 618-1017
E-mail: rukeiley@igc.org

DATED: November 13, 2007

| | |
|---|---|
| FOR DEFENDANT | RONALD J. TENPAS<br>Acting Assistant Attorney General<br>Environment & Natural Resources Division |

/s/ Eileen T. McDonough
United States Department of Justice
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026-3986
Phone (202) 514-3126
Fax (202) 514-8865
eileen.mcdonough@usdoj.gov

DATED:  November 13, 2007
Of Counsel for Defendant:

M. LEA ANDERSON
U.S. Environmental Protection Agency
Office of General Counsel
ARN: MC-2344A
1200 Pennsylvania Ave., N.W.
Washington, DC 20460